# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMIA M. GEER,<br><br>                 Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                 Defendant. | Case No. 2:16-cv-00542-GMN-NJK<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on March 10, 2016. This proceeding was referred to the undersigned magistrate judge by Local Rule IB 1-5.

**I.    In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint

under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff benefits. Before Plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416. Plaintiff's complaint shows that, on or about January 5, 2016, the Appeals Council denied her request for

review, and the ALJ's decision became the final decision of the Commissioner. Docket No. 1-1 at 2. Thus, it appears Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted her administrative remedies, she can obtain review of a SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* at 4. In allowing Plaintiff five days from the mailing of the letter from the Appeals Council, this case was filed within that 60-day period. An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *See generally* 20 C.F.R. §§ 404, 416. Plaintiff alleges that she resides in this District. *See* Docket No. 1-1 at 1. The Complaint should contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying social security benefits. Construing her complaint liberally, Plaintiff contends that the ALJ erred both in his legal and factual determinations. *See* Docket No. 1-1 at 2. Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.[1]

Based on the foregoing, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).

---

[1] The Court is construing Plaintiff's complaint liberally. Nothing herein prevents the Commissioner from making any and all arguments she deems proper once she appears in this action.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated: March 31, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE