# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMIA M. GEER,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No.: 2:16-cv-00542-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 29), filed by Plaintiff Jamia M. Geer ("Plaintiff")[1] and the Cross-Motion to Affirm, (ECF No. 33), filed by Defendant Nancy A. Berryhill[2] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable Nancy J. Koppe, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). In the Report and Recommendation ("R&R"), (ECF No. 41), Judge Koppe recommended that Plaintiff's Motion to Remand be denied. Plaintiff filed an Objection, (ECF No. 46), and the Commissioner did not file a response.

**I.    BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant to the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 3). Plaintiff seeks judicial review of a final decision of the Commissioner of

---

[1] In light of Plaintiff's *pro se* status, the Court has liberally construed her filings, holding her to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

the Social Security Administration denying her claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 9).

Plaintiff applied for both disability insurance benefits and supplemental security income on July 6, 2010, which were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). (R&R 5:12–27, ECF No. 41). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was granted on April 15, 2013, and remanded to the ALJ for further proceedings. (*Id.*). On April 24, 2014, after conducting a second hearing, the ALJ denied Plaintiff's claim. (*Id.*). This decision became final after the Appeals Council denied Plaintiff's request for a second review. (*Id.*). On March 31, 2016, Plaintiff filed her Complaint in this Court.

## II.  LEGAL STANDARD

### A. Objections to a Magistrate Judge's Findings and Recommendations

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

### B. Judicial Review of the Commissioner's Disability Determinations

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a

reasonable person might accept as adequate to support a conclusion." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence supports more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether substantial evidence supports the final decision.

## III. DISCUSSION

### A. Plaintiff's Credibility

Plaintiff argues, *inter alia*, that the Court should reject the R&R and remand the case because the ALJ failed to articulate legally sufficient reasons for discounting Plaintiff's testimony. (*See* Obj. 6:3–10:28, ECF No. 46). In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give "specific, clear and convincing reasons" in order to reject the claimant's testimony about the severity of the symptoms. *Id.* (*quoting Lingenfelter*, 504 F.3d at 1036).

In this case, the ALJ found that Plaintiff's "medically determinable impairment could reasonably be expected to cause some of the alleged symptoms. . .." (A.R. at 22, ECF No. 14). The ALJ then found that "the claimant's statements concerning the intensity, persistence and

limiting effects of these symptoms are not entirely credible. . .." (A.R. at 22). The question, therefore, turns on whether the ALJ provided specific, clear and convincing reasons sufficient to meet the second prong of the analysis.

In assessing Plaintiff's credibility, the ALJ found that Plaintiff's testimony regarding her limitations was inconsistent with her daily living activities. (*Id.* at 25). The ALJ based this finding exclusively on Plaintiff's online schooling records. (*Id.*). Specifically, the ALJ took issue with Plaintiff's testimony that she only spent up to an hour and a half a day on course work as a full-time student. (*Id.*). According to the ALJ, "[i]t defies logic and experience that coursework at an accredited State university could be completed with such little effort as the claimant would have me believe." (*Id.*). Furthermore, the ALJ found Plaintiff's testimony inconsistent with her computer logs, which "show that the claimant often stays logged on for more than an hour at a time." (*Id.*).

In general, an ALJ may consider a claimant's daily activities in determining credibility. *See* 20 C.F.R. §§ 404.1529(a), (c)(3)(i) (activities of daily living are relevant to the credibility determination); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, the "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 1991). For example, a plaintiff may choose to engage in daily activities *despite* pain, but that does not necessarily mean she could concentrate on work despite the pain or else engage in similar activities for a longer period of time. *Id.*

Here, the ALJ did not provide any nexus between Plaintiff's online schooling and her alleged pain or inability to perform work. Rather, the ALJ discredited Plaintiff solely based on the purported inconsistency between the amount of time Plaintiff spent at the computer and the amount of time required for full-time schooling. (A.R. at 24). At her hearings, Plaintiff

provided multiple explanations regarding the nature of her courses and her methods for dealing with alleged pain while sitting at her computer. (A.R. 41–42, 70–72, 418–485). To the extent the ALJ still found Plaintiff's online schooling inconsistent with Plaintiff's subjective representations regarding her functional limitations, the ALJ failed to provide specific, clear and convincing reasons to support such a finding. *See Vasquez*, 572 F.3d at 591; *See also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (stating that the ALJ must make specific findings relating to the daily activities and their transferability to a work setting in concluding that a claimant's daily activities warrant an adverse credibility determination).

In the R&R, Judge Koppe reached this same conclusion but found the error harmless. (*See* R&R 16:5–8). Specifically, Judge Koppe found that the ALJ provided sufficient additional reasons for discrediting Plaintiff, including three instances where the ALJ's Order identifies inconsistencies in Plaintiff's testimony and the objective medical evidence. (*Id.* 16:9–17:5). Upon review, however, the Court does not find these reasons sufficient to discredit Plaintiff's testimony.

First, although the ALJ superficially discusses the discrepancies between Plaintiff's testimony and the medical evidence, the ALJ fails to clearly articulate the reasons for finding Plaintiff's specific testimony non-credible. *See Vasquez v. Astrue*, 572 F.3d at 591. Rather, the ALJ merely asserts that Plaintiff's testimony is "not entirely credible" based on "the reasons explained in [the] decision." (A.R. 22). The Ninth Circuit has stated that "a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). By failing to clearly link Plaintiff's testimony to the objective medical findings, the Court can only speculate as to what testimony the ALJ is finding "credible" or "non-credible," and the weight the ALJ is

assigning that testimony.[3] *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) ("[E]ven if the ALJ had given facially legitimate reasons for his partial adverse credibility finding, the complete lack of meaningful explanation gives this court nothing with which to assess its legitimacy."). Moreover, even to the extent the ALJ had sufficiently linked Plaintiff's testimony to the medical record, inconsistencies between subjective representations and the objective medical evidence cannot be the sole basis for discrediting a Plaintiff. *See Smolen*, 80 F.3d at 1279. The Court therefore finds that the ALJ failed to articulate legally sufficient reasons for discrediting Plaintiff's testimony.

### B. Remand

Having found that the ALJ failed to provide a sufficient credibility analysis, the Court must decide whether this case should be remanded for an award of disability benefits or for further proceedings on the issue of disability. In answering this question, the court must consider: (1) whether the record has been fully developed such that further administrative proceedings would serve no useful purpose; (2) whether the ALJ failed to provide legally sufficient reasons for rejecting the claimant testimony or medical opinion; and (3) whether, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *See also Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988). Generally, when all three conditions are met the court must remand for an award of benefits. *Garrison*, 759 F.3d 1020–21. If, however, an evaluation of the record as a whole

---

[3] The Court notes that the ALJ arguably meets this standard with respect to Plaintiff's testimony regarding headaches, stating "while she testified that she experiences 2-3 migraines a week, lasting 72 hours each, the objective medical record documents only sporadic reports of migraines or headache symptoms." (A.R. 23). The remainder of the ALJ's analysis, however, only tenuously links discrepancies in Plaintiff's testimony and the objective medical findings. The Court does not find the ALJ's analysis on Plaintiff's headaches alone a "convincing" reason to discredit Plaintiff's testimony in general.

"creates serious doubt as to whether the claimant is, in fact, disabled, then remand for further proceedings is proper. *Id.*

Here, based on the record as a whole, the Court finds that serious doubts remain as to whether Plaintiff was disabled within the meaning of the Social Security Act. Notably, the objective medical record contains significant evidence contradicting Plaintiff's allegations of disability. (*See* A.R. 22–26). Nonetheless, with respect to the ALJ's credibility determination, the Court finds that further clarification is necessary before a district court can engage in a meaningful review. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). Accordingly, the Court remands this case for further proceedings consistent with the foregoing.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 41), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 29), is **GRANTED** consistent with the foregoing, and Defendant's Cross-Motion to Affirm, (ECF No. 33), is **DENIED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Administrative Law Judge for further proceedings.

The Clerk of Court is instructed to close the case.

**DATED** this __19__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge